IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE  DIVISION

TAREYAN COOKS,

      Petitioner,

v.                             CASE NO. 4:12-cv-403-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 9, Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  ("Petition").  The Petition stems from Petitioner's Leon County jury-trial conviction for burglary of a dwelling for which Petitioner received a 15-year sentence as a prison releasee reoffender (PRR). Respondent filed a response and an appendix with relevant portions of the state-court record, and Petitioner filed a reply.  Docs. 17, 18, 23.  Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

The State's evidence at trial included the testimony of Thomas Taylor, whose mother owned a home at 811 Brent Drive in Leon County, Florida.  Taylor testified that in July 2008 he was checking on the home and noticed that a lawn mower and other

_____

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

items were missing.  The lawn mower had been in an attached carport located between the main part of the house and an attached apartment.  Taylor called the Sheriff's office and a deputy located the lawn mower at a neighbor's house.  R. 18-1 at 136-48.

The deputy, George Stinson, testified that when he arrived at Taylor's house there was an obvious track in the knee-high grass where someone had dragged a lawn mower from the Taylor house to a fence separating the Taylor's backyard from the neighbors.  The track ended at the fence and began again on the opposite side of the fence, indicating that someone had lifted the lawn mower over the fence.  Stinson followed the track to 808 Shannon Drive, and made contact with the owner, Lois Cooks.  Stinson observed the lawn mower behind a propane gas tank.  Ms. Cooks stated that she did not know to whom the lawn mower belonged.  Stinson called Taylor to the Cooks' house, and Taylor identified the lawn mower and other property.  Stinson left a card for Ms. Cooks' son, the Petitioner, to call him.  *Id*. at 148-56.

Lois Cooks testified that Petitioner was living with her in July 2008.  Ms. Cooks testified that she saw Petitioner parking the lawn mower on the side of her house after using it to mow her neighbor's, Mr. Brown's, yard.  Ms. Cooks did not know who owned the lawnmower.  *Id*. at 156-61.

The defense moved for a judgment of acquittal at the close of the State's case in chief, which the court denied.  Petitioner waived his right to testify, and the defense rested.  *Id*. at 164-66.  The court instructed the jury on, *inter alia*, the elements of burglary of a dwelling.  *Id*. at 176.   The court also instructed the jury on the elements of grand theft, including that the property in question must have been taken from a

dwelling or the "unenclosed curtilage" thereof.  *Id*. at 177.   The jury found Petitioner

guilty of burglary of a dwelling and guilty of petit theft, a lesser included offense of grand

theft.  *Id*. at 200-01.   Petitioner received a mandatory 15-year PRR sentence.  *Id*. at

205.

        Petitioner appealed on three grounds: (1) the evidence was insufficient to convict

him; (2) the trial court gave an incorrect instruction on the elements of burglary; and (3)

the trial court erred in giving a jury instruction on the possession of recently stolen

property.  Petitioner's conviction and sentence were affirmed *per curiam* without

opinion.  *Cooks v. State*, 41 So. 3d 893 (Fla. 1st DCA Aug. 11, 2010).

        While his appeal was pending, Petitioner filed a "Motion Requesting an

Opportunity to Testify" that raised various claims of ineffective assistance of counsel.

*Id*. at 112-15.   The court construed it as a motion pursuant to Fla. R. Crim. P. 3.850,

and dismissed the motion because Petitioner' appeal was still pending.  After

unsuccessfully pursuing a motion to correct sentencing error pursuant to Fla. R. Crim.

P. 3.800(a), Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim.

P. 3.850, raising numerous grounds of ineffective-assistance.  Doc. 18-2 at 227-91.

The court concluded that Petitioner's claims were directly refuted by the record, and

denied the motion without an evidentiary hearing.  Doc. 18-3 at 154-57.   The First DCA

affirmed *per curiam* without opinion.  *Cooks v. State*, 75 So.3d 720 (Fla. 1st DCA Dec. 7,

2011).   The Florida Supreme Court denied review.  *Cooks v. State*, 86 So. 3d 1112

(Fla. 2012).

        Petitioner filed another motion for postconviction relief pursuant to Fla. R. Crim.

P. 3.850 raising additional ineffective-assistance claims.  Doc. 18-3 at 290-91, 18-4 at 1-7.  The court denied the motion as successive and on the merits.  *Id*. at 12-13.   The First DCA affirmed *per curiam* without opinion.  *Cooks v. State*, 91 So. 3d 136 (Fla. 1st DCA June 12, 2012).

While the appeal of the third 3.850 motion was pending, Petitioner filed a state habeas petition on April 27, 2012, which the trial court denied as a successive 3.850 on May 8, 2012.  Doc. 18-2 at 165-71.

The instant habeas corpus petition followed.  Petitioner asserts two claims for relief: (1) trial counsel was ineffective for failing to investigate whether the Taylor residence was "substantially enclosed with a fence to constitute curtilage of the Taylor's residence"; and (2) trial counsel was ineffective for failing to object to the court's jury instruction on the elements of burglary, which required the jury to find that Petitioner entered the Taylor home "without permission."  Doc. 9.  The Respondent asserts that both claims are unexhausted and procedurally defaulted, and that Petitioner is not entitled to relief on the merits.  Doc. 17.

## Discussion

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To

properly exhaust a federal claim, a petitioner must "fairly present" the claim in each

appropriate state court, thereby affording the state courts a meaningful opportunity to

"pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v.

Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is

obvious that the unexhausted claim would now be procedurally barred under state law,

the claim is procedurally defaulted.  *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir.

1999).  Federal habeas courts are precluded from reviewing the merits of procedurally

defaulted claims unless the petitioner can show either (1) cause for the failure to

properly present the claim and actual prejudice from the default, or (2) that a

fundamental miscarriage of justice would result if the claim were not considered.  *Id*.  at

1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent."  *Ward

v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual

innocence, a petitioner must present new reliable evidence that was not presented at

trial showing that "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### Section 2254 Standard of Review for Ineffective Assistance Claims

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations

on the scope of this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may

not grant a state prisoner's application for a writ of habeas corpus based on a claim

already adjudicated on the merits in state court unless that adjudication "resulted in a

decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  Under § 2254(e)(1), "a

determination of a factual issue made by a State court shall be presumed to be correct,"

and the petitioner "shall have the burden of rebutting the presumption of correctness by

clear and convincing evidence."  "'[A] state-court factual determination is not

unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance.'"  *Burt v. Titlow*, ___ U.S. ___,  2013 WL 5904117, *4

(2013)(quoting  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the

state court's adjudication of the merits of the federal claim "resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*,

2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is

"highly deferential").   This standard "recognizes a foundational principle of our federal

system: State courts are adequate forums for the vindication of federal rights."  *Id*.

This highly deferential standard carries special force in habeas cases asserting

ineffective assistance claims: "Especially where a case involves such a common claim

as ineffective assistance of counsel under *Strickland*[2]—a claim state courts have now

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a
constitutional claim of ineffective assistance of counsel, a defendant must demonstrate
(1) that his counsel's performance was below an objective and reasonable professional
norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the
claim if a defendant fails to carry his burden of proof on either the performance or the
prejudice prong).

adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'"  *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.   AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'"  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## Ground (1): Ineffective Assistance Regarding Investigation

Petitioner argues that his attorney was ineffective for failing to investigate what Petitioner terms the "enclosure requirement" for curtilage.  Petitioner asserts that counsel's investigation revealed a chain link fence behind the house, but that, in reality, there was "chicken wire attached to wooden posts," and that this fence was actually on the Cooks' property, not the Taylors'.  Petitioner asserts that had counsel established that the Taylor property was not enclosed with a fence, that it is a "possibility of the trial

court rendering the judgment to [a] lesser included offense of trespassing."  Doc. 9 at 5.

As Respondent points out, this particular ineffective-assistance claim was not presented in any of Petitioner's state postconviction motions.   Doc. 17.  In his Reply to the Response, Petitioner does not dispute that he failed to exhaust this claim in state court.  *See* Doc. 23.  Rather, Petitioner reasserts his argument that counsel did not conduct a proper investigation.  *Id*.  Petitioner has made no showing of cause-and-prejudice necessary to gain review of a procedurally defaulted claim.  The Court concludes that Petitioner's claim is procedurally defaulted and foreclosed from federal review.  Even if the claim were not procedurally defaulted it is clear that Petitioner is not entitled to relief on the merits, and the Court may deny relief notwithstanding any failure to exhaust.  28 U.S.C § 2254(b)(2).

The testimony at trial, as summarized above, established that the Taylor's lawn mower had been located in a carport situated in the middle of the residence, sharing a roof with the residence and contiguous to the home.  R. 18-1 at 136-48.  Under Florida law, such an attached carport is "a burglarizable portion of the dwelling."  *Ferrara v. State*, 19 So3d 1033, 1034 (Fla. 5th DCA 2009) (citing *State v. Burston*, 693 So. 2d 600 (Fla. 2d DCA 1997)).  The evidence was therefore sufficient for the jury to find that Petitioner burglarized a dwelling by removing the lawn mower from the Taylor's carport.  Under these circumstances, there is no possibility that the outcome of the trial would have been different but for counsel's alleged failure to investigate the exact nature of the fence between the Taylor and Cook properties.  Petitioner has failed to show that this ground presents any basis for federal habeas relief.

**Ground (2): Ineffective Assistance Regarding Jury Instruction on Burglary**

The court's jury instruction on burglary included the element that "[Petitioner] entered a dwelling owned by or in the possession of Thomas Taylor, without permission."  Doc. 18-1 at 67.  Petitioner asserts that counsel should have objected and requested the "standard instruction", that the State must prove that Petitioner "was not licensed [or] invited to enter the" dwelling, in view of his asserted defense that Ms. Taylor, who was confined in a nursing home, gave him permission to use the lawn mower.  Doc. 9 at 4, 6.

Although Petitioner raised this claim in his Rule 3.850 motion and it was denied on the merits by the trial court, *see* Doc. 18-3 at 156, the State contends that this claim is unexhausted and procedurally defaulted because Petitioner failed to raise it in his initial brief on appeal from the denial of the motion.  Petitioner does not dispute this assertion.  *See* Docs. 17, 23.

At the time of petitioner's postconviction appeal, the First DCA required an appellant who files a brief when appealing a summarily denied postconviction motion, to address all arguments in his brief that he wished to preserve for appellate review. *See Watson v. State*, 975 So.2d 572, 573 (Fla. 1st DCA 2008); *see also Cook v. State*, 638 So.2d 134, 135 (Fla. 1st DCA 1994).   If an appellant does not file a brief when appealing, the appellate court is required to investigate all possible means of relief.  *Id*. n. 1; *see also* Fla. R.App. P. 9.141(b)(2).   Because Petitioner elected to file an appellate brief following the summary denial of his postconviction motion, but did not raise this issue in his appellate brief, the Court agrees with Respondent that Petitioner's

claim is procedurally defaulted and foreclosed from federal review.  *See id*.

Even if the claim were not procedurally defaulted it is clear that Petitioner is not entitled to relief on the merits, and the Court may deny relief notwithstanding any failure to exhaust.  28 U.S.C § 2254(b)(2).  In rejecting this claim on postconviction review, the state court determined that the jury instruction was correct under state law and therefore counsel was not ineffective for failing to object or request a different instruction.  Doc. 18-3 at 156.  Petitioner has shown no error in this conclusion.

Florida law defines "burglary" as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is *licensed or invited to enter*[.]" Fla. Stat. § 810.02(b)(1) (emphasis added).   Florida courts have explained that "[t]he elements of burglary are the '(1) knowing entry into a dwelling, (2) knowledge that such entry is *without permission*, and (3) criminal intent to commit an offense within the dwelling.'" *R.J.K. v. State*, 928 So.2d 499, 502 (Fla. 2d DCA 2006); *see also D.R. v. State*, 734 So.2d 455 (Fla. 1st DCA 1999).   In this case, the court's jury instruction included the "without permission" element as the burglary elements have been defined by the courts. *See id*.  Petitioner points to no authority holding that the "without permission" element of the court's jury instruction did not account for the "licensed or invited to enter" language of the statute.

Moreover, the State presented evidence in the form of Thomas Taylor's testimony that Petitioner did not have permission to enter the premises.  R. 18-1 at 142. Taylor was the caretaker of the property and further testified that his mother, the owner,

had been in a nursing home for two and a half years at the time the lawn mower was stolen. *Id*. Petitioner makes the self-serving assertion that Taylor's mother had given him permission to use the lawn mower, but there is nothing in the trial or postconviction record that supports this assertion. Based on this record, the Court concludes that the state court reasonably concluded that trial counsel was not ineffective for failing to object to the jury instruction.

### <u>Certificate of Appealability</u>

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

That the petition for writ of habeas corpus (Doc. 9) should be **DENIED** and that a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 29th day of June 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**